Carl FRIEND v. Bobby GOSLEE

82-122                                    637 S.W.2d 568

Supreme Court of Arkansas
Opinion delivered July 12, 1982
[Rehearing denied September 13, 1982.]

*Hobbs, Longinotti & Bosson, P.A.,* by: *Richard W. Hobbs,* for appellant.

*Gibbs & Hickam,* by: *Marcia Renaud Hernsberger,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellee, Bobby Goslee, filed a complaint in Garland County Circuit Court alleging that appellant, Carl Friend, an out-of-state resident, owed him $20,000 plus court costs on two promissory notes. Following appellant's failure to answer pursuant to ARCP Rule 12 (a), judgment by default was entered. On appeal, we affirm.

Service on the complaint was had on September 28, 1981; on October 9 the court denied appellant's motion for additional time in which to respond holding that the motion gave insufficient reasons as to why more time was needed; on October 21 appellee filed a motion for default judgment to which appellant responded by correctly stating that he was not in default because as an out-of-state resident he had 30 days to answer a complaint under Rule 12.

On October 26 appellant filed a second motion for additional time setting out the reasons why more time was needed. The court never acted on this motion and instead entered default judgment against appellant on November 5. Appellant filed his answer on November 10, and on November 18 filed a motion to set aside the default judgment. The motion was denied on January 13, 1982.

Appellant argues that the court erred in granting a default judgment because appellee's motion for default judgment was filed before appellant was actually in default. Appellee's motion was filed on October 21, yet appellant's 30 days in which to answer under Rule 12 did not expire until October 28. However, the trial court did not enter the judgment until November 5, at which time appellant actually was in default; therefore, appellant's argument is without merit.

Appellant also argues that the trial court erred in finding him in default while appellant's second motion for additional time in which to answer was pending. A motion for additional time in which to answer does not auto-

matically extend the time for filing an answer under Rule 12. Since the trial court did not act upon the motion, appellant should have filed his answer within the prescribed time instead of filing it 13 days after the time had expired.

Appellant also argues that he was entitled to five additional days to reply to appellee's response to his motion for additional time before a default judgment could be entered. This issue is resolved by our holding that the original motion did not extend the time for filing an answer.

Although we recognize that ARCP Rule 55 governs default judgments, we do not consider its applicability to this case because it was not raised in the trial court or argued on appeal.

Affirmed.